IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-CV-107-GCM

**SNEHA AMIN,**

      Plaintiff,

  v.

**ALEJANDRO MAYORKAS**, Secretary of U.S. Department of Homeland Security, **MERRICK GARLAND,** Attorney General of the United States, **TRACY RENAUD,** Senior Official Performing the Duties of the Director, USCIS; **CHRISTOPHER HEFFRON**, District Director Charlotte Field Office, USCIS,

      Defendants.

PROTECTIVE ORDER

This matter coming on to be heard on joint motion of the Parties in the above-captioned case for the entry of a Confidentiality Agreement and Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure, and the Court, having reviewed the applicable court papers and noting the agreement of all Parties, and to expedite the flow of discovery between the Parties, facilitate the prompt resolution of disputes over confidentiality, protect adequately the private or confidential information of all Parties or other persons for which special protection may be warranted or other materials as to which there is a legal entitlement to confidentiality, and to govern the conduct of these proceedings with respect to such information or materials to serve the ends of justice,

    IT IS SO ORDERED THAT:

1.  **DEFINITIONS**

    (a) The term "person" as used herein shall relate to any natural person.

    (b) Party shall mean any Plaintiff or Defendant, including such Party's agents, employees, representatives, consultants, retained experts, and/or counsel (including the paralegal, clerical, and secretarial staff employed by such counsel).

    (c) Confidential Information: The categories of "Confidential Information" include:

    (i) Information, documents or tangible things protected by the Privacy Act, 5 U.S.C. § 552a, *et seq.*, or information that would be covered by the Privacy Act if the subject of the information had been a U.S. citizen or permanent resident of the United States;

    (ii) Information, documents or tangible things— including but not limited to records of the Department of Homeland Security, Immigration and Customs Enforcement and U.S. Citizenship and Immigration Services regarding law enforcement activities and operations, internal policies, processes and procedures, and internal investigations—which contain information that is law enforcement sensitive, for instance, information which would be protected from disclosure under FOIA, 5 U.S.C. § 552, *et seq.*, under the exemption found at 5 U.S.C. § 552(b)(7)(E).

    (iii) Information contained in or pertaining to: (1) asylum claims or applications, including applications for relief under the Convention Against Torture ("CAT") and refugee information; (2) legalization applications under 8 U.S.C. § 1255a; (3) Special Agricultural Worker applications under 8 U.S.C. § 1160m; (4) applications for temporary protected status ("TPS") under 8 U.S.C. § 1254a; (5) information contemplated by 8 U.S.C. § 1186a(c)(4)(C) concerning any abused alien spouse or child, including information regarding the whereabouts of such spouse or child (*see* 8 C.F.R. §§ 216.5(a)(1)(iii) and 1216.5(a)(1)(iii); 8 U.S.C. §

1154(a)(1)(A)(iii), (iv), (v), and (vi); 8 U.S.C. § 1154(a)(1)(B)(ii), (iii) and (iv)); (6) information protected by 8 U.S.C. § 1367; and 1202(f), 1304(b), and 1367(a)(2), 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 210.2(e), 214.11(e), 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, and 1208.6;

       (iv)    Any identifying information that is not publicly available and qualifies for protection under applicable law, statutes or regulations, including, but not limited to: (i) the name(s), address(es), date of birth, and "A" number (or other administrative identification number) of the particular individual(s) to whom information relates along with any other personally identifiable information (as identified in Federal Rule of Civil Procedure 5.2); or (ii) any personally identifiable information related to third parties other than the individual whose information is being sought;

       (v)    All other protected documents, information or tangible things not identified above that the parties agree in writing or the Court orders qualify for protection under Federal Rule of Civil Procedure 26(c).

    (d)    Receiving Party: any Party that receives Confidential Information from a Designating Party in this action that is designated as "CONFIDENTIAL."

    (e)    Designating Party: any Party that designates Confidential Information as "CONFIDENTIAL."

**2. CONFIDENTIAL DESIGNATIONS**

    (a)    Confidential Information produced by any Party may be designated as "CONFIDENTIAL" under the terms of this Order. By designating a document, material, or other information as "CONFIDENTIAL" under the terms of this Order, the Designating Party is certifying to the Court that it has a good faith basis, both in law and in fact, for the designation.

The Designating Party must take care to limit any such designation to specific material that qualifies as defined above. The Designating Party must designate for protection only those parts of the document, material, or other information that qualify, so that other portions of the document, material, or information for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Nothing in this Order shall prevent or in any way limit disclosure, use or dissemination of any documents or information that are or is in the public domain. A Party may designate material that it obtained from a non-Party or other person pursuant to this Protective Order, if it believes in good faith that it qualifies as Confidential Material under this Protective Order.

(b) Confidential Information shall be designated as such in the following manner: "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or by otherwise marking the thing with such label.

**3. USE OF CONFIDENTIAL INFORMATION**

Any Party may use Confidential Information that is disclosed in connection with this case (subject to applicable rules of evidence and subject to the confidentiality of such information being maintained) only for purposes of litigating this case, including any appeal(s) therefrom, and Confidential Information shall not be used, made available, or disclosed for any other purpose, including (without limitation) any other litigation, judicial, or administrative proceeding, dispute, or controversy of any type.

No one subject to this Order shall use Confidential Information to retaliate against, discriminate against, intimidate, report to governmental authorities, or harass any person or Party or witness or any individuals associated with them.

Confidential Information may be disclosed by a Party only to the categories of persons attached to the Party described in Section 1(b) or otherwise under the conditions of this Order.

Confidential Information must be stored and maintained by any Party in possession of same at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**4.    DISCLOSURE OF CONFIDENTIAL INFORMATION**

(a)    Confidential Information may be disclosed, with due care and not inconsistent with the conditions of this Order, to the following:

(i)    Counsel for the Parties and any support staff of such counsel assisting in this action; provided that, disclosure is expressly permitted as to Plaintiff's counsel in the naturalization proceedings before the United States Citizen and Immigration Services ("USCIS") and to the United States and its agencies, including the USCIS

(ii)    the Court and its personnel; or

(iii)    Professional staff assisting counsel of record in connection with this action.

(b)    Except with prior stipulation of Plaintiff's and Defendants' counsel, or upon prior order of the Court, Confidential Information shall not be disclosed to any person other than those identified in Paragraph 4(a) hereinabove.

(c)    Any person receiving Confidential Information shall not reveal, disclose, or discuss such information to or with any person who is not entitled under this Order to receive such information, except as set forth herein.

(d)    Except for persons identified in Paragraph 4(a), each person who is authorized by this Order to have access to Confidential Information shall, prior to being given such access, be provided a copy of this Order and shall sign the Agreement set forth in Exhibit A.  Each signed Agreement must be retained by counsel for the Party that disclosed the Confidential Information

for the duration of this action (and shared with opposing counsel upon request) including the final determination of any appeal (or, where no appeal is taken, expiration of the period for bringing an appeal) of the action.

**5.     INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION**

(a)     If any Confidential Information is inadvertently produced or provided without being marked as "CONFIDENTIAL" in accordance with this Order, such production, in and of itself, shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality to which the Producing Party otherwise would be entitled.  The Producing Party shall promptly notify all other Parties in writing of its inadvertent production of the undesignated Confidential Information, and upon receipt of such notice, all Parties shall thereafter treat the Confidential Information identified in the written notification as "CONFIDENTIAL" in accordance with the terms of this Order.  The Receiving Party may object to the belated designation by notifying the Producing Party of its objection and filing a motion with the Court to "un-designate" the belatedly designated documents or information, in accordance with the provisions of Paragraph 10 below.  If no such objection is made, all Parties shall continue to treat the Confidential Information identified in the written notification as "CONFIDENTIAL" pursuant to this Order.

(b)     If a Party inadvertently discloses Confidential Information to persons other than those listed in Paragraph 4 above, such disclosure shall promptly be reported in writing to all Parties, including the Producing Party and Designating Party.  Such report shall include the name and contact information of each person to whom the disclosure was improperly made, the circumstances surrounding the improper disclosure, and the specific Confidential Information that was improperly disclosed.  Upon discovery of such inadvertent disclosure, counsel for the

Party who improperly disclosed the Confidential Information shall promptly make all reasonable efforts to retrieve such Confidential Information, including any documents containing such information. The Party who improperly disclosed the Confidential Information also shall use all reasonable efforts to bind the person to whom the disclosure was improperly made to the terms of this Order, by (i) promptly informing the person to whom the disclosure was improperly made of all the provisions of this Order by at least providing them a copy of this Order; and (ii) requesting the person to whom the disclosure was improperly made to sign the Agreement. The Party who improperly disclosed the Confidential Information shall advise in writing all other Parties, including the Producing Party and the Designating Party, of the results of its efforts.

**6.      INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

If any Confidential Information that is subject to a claim of attorney-client privilege or any other applicable privilege or protection, and/or that is entitled to work product protection is inadvertently produced, the Producing Party shall promptly notify the Receiving Party in writing of its inadvertent production of the undesignated privileged or protected discovery material. Upon receipt of such notice, the Receiving Party shall thereafter return or destroy the privileged or protected material to the Producing Party within three (3) business days, and provide confirmation of the return or destruction to the Producing Party; the Producing Party shall promptly list the inadvertently produced information and/or document(s) on a privilege log, including all information necessary to permit the Receiving Party to challenge the belated privilege/work product designation.

**7. NO WAIVER**

Nothing contained herein shall prejudice the right of any Party to object to the production of any document or part thereof upon any appropriate ground, including any applicable privilege, and nothing herein shall be construed as a waiver of such right. While a Designating Party may redact information subject to a claim of privilege, the Designating Party must produce a corresponding privilege log and the Receiving Party may object to the claim of privilege.

**8. PARTIES' OWN INFORMATION**

Nothing contained herein is intended to or shall limit the ability of a Producing Party to use or disclose its own information or documents, including information or documents it has designated as "CONFIDENTIAL."

**9. DISCLOSURES BEYOND PROTECTIVE ORDER**

Nothing contained herein shall prevent disclosure of Confidential Information to persons who are not listed in Paragraph 4 above under the terms of this Order if (a) Plaintiff's and Defendants' counsel stipulate to such disclosure in writing; or (b) the Court, after notice to all Parties, including the Producing Party and Designating Party, orders such disclosures.

**10. RELIEF FROM PROTECTIVE ORDER**

(a) The fact that a document or any information has been designated as "CONFIDENTIAL" in this action shall not control whether it is, in fact, ultimately deemed by the Court to be confidential.

(b) Any Party may, on notice to all affected Parties, apply to the Court for an order (i) modifying this Order in any way; (ii) relieving the Party from any restriction contained herein; (iii) removing any "CONFIDENTIAL" designation made by another Party; or (iv) seeking greater protection for documents or information than is provided for in this Order. In the

event a "CONFIDENTIAL" designation is so challenged, the Designating Party shall bear the burden of establishing that the designation is proper. Any document or information whose designation is challenged shall continue to be treated as "CONFIDENTIAL" pursuant to this Order until and unless the Court enters an order to the contrary. The Parties may amend or modify any provision of this Order by mutual agreement; any such agreement shall be embodied in a written stipulation and shall be submitted to the Court for approval. Any such modification or amendment shall not become effective until approved by the Court.

**11. USE OF CONFIDENTIAL INFORMATION IN COURT PROCEEDINGS**

(a) Where a Party files (or seeks to file) a document with the Court that contains Confidential Information, the Party shall comply with the procedures and requirements of the Local Rules of this Court and shall properly redact any Confidential Information contained in that document. Where redaction is not feasible because the Confidential Information is relevant or essential to the paper(s) being filed with the Court, the Party must conspicuously label the document, or protected part thereof, as "CONFIDENTIAL" and submit such document, or protected part thereof, to the Court with a motion requesting that it be filed under seal, in accordance with the procedures set out in the local rules or other applicable rules of this Court.

(b) In the event Confidential Information is used in any court proceeding in this action, it shall not lose its protected status through such use, and the Party using the information shall take all reasonable steps to protect its confidentiality during such use.

**12. FINAL DISPOSITION**

Ultimate disposition of protected materials (including Confidential Information) is subject to final order of the Court upon completion of litigation. Subject to such final order of the Court, it is contemplated that upon termination of this action (including the conclusion of any

appeal taken from this action, or in the event an appeal is not taken, upon expiration of all periods for the filing of a notice of appeal), a Party in possession of Confidential Information shall, at its election, either: (i) return such Confidential Information to counsel for the Party who designated such material within ninety (90) days from the date of the final disposition; or (ii) destroy such Confidential Information and certify in writing the destruction thereof within ninety (90) days from the date of the final disposition. The Clerk of the Court may return to counsel for the Parties, or destroy, any sealed material at the end of the litigation, including any appeals.

Counsel is entitled to retain one set of archival copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such material contains Confidential Information, notwithstanding the information shall remain subject to this Order.

**13. ENFORCEABILITY UPON SIGNING**

By signing this Order, the Parties agree to be bound by its terms unless and until those terms are modified by order of the Court.

**14. MISCELLANEOUS**

Provided, that the Parties do not waive their right to assert other or further privileges over the information and redact such information. For instance, Defendant may withhold or redact information that is subject to a claim of privilege such as withholding classified national security information or withholding or redacting any other information subject to a claim of privilege or exemption from disclosure. This Order does not confer blanket protection on all information provided by Defendant to Plaintiff; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to keep under seal

Confidential Information so filed with the Court pursuant to motion seal, which is to remain subject to Court approval.

**15. SURVIVAL**

All provisions of this Order will survive the termination of this action and will continue to be binding upon the Parties and their counsel, unless subsequently modified by agreement among the Parties and/or by further order of this Court. Further, this Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligation arising hereunder or to impose sanctions for any contempt thereof.

AGREED AND CONSENTED TO BY:

WILLIAM T. STETZER
ACTING UNITED STATES ATTORNEY

| | |
|---|---|
| **/s/James B. Gatehouse** | **/s/Helen L. Parsonage** |
| Assistant United States Attorney | Elliott Morgan Parsonage, PLLC |
| NC Bar No. 22811 | NC Bar No. 35492 |
| 227 West Trade Street | 426 Old Salem Road |
| Carillon Building, Suite 1650 | Winston-Salem, NC 27101 |
| Charlotte, NC 28202 | Phone: 336-724-2828 |
| Phone: 704-344-6222 | hparsonage@emplawfirm.com |
| Fax: 704-344-6629 | |
| James.Gatehouse@usdoj.gov | |
| | |
| *Attorneys for Defendants* | *Attorneys for Plaintiff* |

**SO ORDERED.**

Signed: August 31, 2021

Graham C. Mullen
United States District Judge

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

1. My name is _____ (first, middle initial, last).

2. I am employed as a/an _____ by _____ (company), which is located at _____ (street address), _____ (city), _____ (state) _____ (zip code).

Its telephone number is _____.

3. I have read the attached Stipulated Protective Order entered by the United States District Court for the Western District of North Carolina in the action of SNEHA AMIN v. ALEJANDRO MAYORKAS, Secretary of U.S. Department of Homeland Security, MERRICK GARLAND, Attorney General of the United States, TRACY RENAUD, Senior Official Performing the Duties of the Director, USCIS; CHRISTOPHER HEFFRON, District Director Charlotte Field Office, USCIS, Case No. 3:21-CV-107-GCM, and a copy of the Order has been given to me.

4. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

5. I further agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____ _____
Signature

_____
City and State where sworn & signed